TO BE PUBLISHED

# Supreme Court of Kentucky

## 2017-SC-000613-KB

FINAL

DATE 2/27/18 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                              MOVANT

V.                                    IN SUPREME COURT

DELBERT KEITH PRUITT                                              RESPONDENT

## OPINION AND ORDER

On September 22, 2017, the Supreme Court of Illinois disbarred Delbert Keith Pruitt from the practice of law.[1] Thereafter, the Kentucky Bar Association (KBA) filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435(4). We ordered Pruitt to show cause why we should not impose such discipline and he failed to respond to that order. Because Pruitt failed to show cause as to why we should not impose reciprocal discipline, this Court hereby disbars him from the practice of law, as consistent with the order of the Supreme Court of Illinois.

---

[1] Pruitt was admitted to the practice of law in the Commonwealth of Kentucky on October 29, 1999. His bar roster address is listed as 217 Edwards Drive, Paducah, Kentucky 42003, and his KBA number is 87872.

# I. BACKGROUND

Pruitt represented a client in a post-divorce-decree matter. During that representation, Pruitt was to act as the conduit between his client and her former husband for the payment of funds. However, rather than passing those funds along to his client, Pruitt converted almost $5,000 to his own use. Pruitt failed to respond to the complaint issued against him or to participate in the disciplinary process in Illinois and the matter became a default proceeding.

The Supreme Court of Illinois adopted the report and recommendation of the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission. It held that Pruitt violated Illinois's equivalent of Kentucky's SCR 3.130-1.1.15(a) for commingling client and attorney funds; 3.130-1.15(b) for failing to promptly deliver funds to which the client is entitled; and 3.130-8.4(c) for engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation."

# II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline. Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Pursuant to SCR 3.435(4), we impose reciprocal discipline as Pruitt failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Illinois] disciplinary proceeding, or (b) that

2

misconduct established warrants substantially different discipline in this State."

### III.     ORDER

Having failed to timely show sufficient cause, it is hereby ORDERED as follows:

1. Pruitt is hereby permanently disbarred from the practice of law in Kentucky; and

2. In accordance with SCR 3.450, Pruitt shall pay all costs associated with these proceedings; and

3. Pursuant to SCR 3.390, Pruitt shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Pruitt shall immediately cancel and cease any advertising activities in which he is engaged.

Minton, C.J.; Hughes, Keller, Venters, VanMeter and Wright, JJ., sitting. All concur. Cunningham, J., not sitting.

ENTERED: February 15, 2018.

CHIEF JUSTICE

3